UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH STONEHAM, | § | |
|    Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| SOUTHWEST SEAFOOD, INC., | § | CIVIL ACTION NO. |
| | § | JURY TRIAL DEMANDED |
|    Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. Defendant, SOUTHWEST SEAFOOD, INC. ("Defendant" or "SSI"), fails to pay Plaintiff, KEITH STONEHAM, overtime wages when he works more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. As a result, SSI violates the overtime wage provisions of the FLSA.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards, Act, 29 U.S.C. § 216(b).

3. Venue is proper in the Southern District of Texas – Houston Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

### THE PARTIES

4. Plaintiff, KEITH STONEHAM, lives in the Southern District of Texas. He has been employed by SSI from approximately September 2014 until the present as a general laborer out of Defendant's Houston, Texas office. His written consent is attached hereto as Exhibit 1.

5. SOUTHWEST SEAFOOD, INC. is a domestic corporation that may be served through

its registered agent, Douglas Newton Vingoe, 5411 Glenmont, Houston, Texas 77081.

## FLSA COVERAGE

6. At all times relevant to this dispute, SSI has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

7. At all times relevant to this dispute, SSI has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1). At all times relevant to this dispute, SSI has had annual gross sales in excess of $500,000.

8. At all times relevant to this dispute, Plaintiff has been an employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## THE FACTS

9. SSI sells seafood. Per its website, SSI was established in 1995 and has been a leading supplier of quality seafood to the greater Houston area.

10. Plaintiff was hired to work as a general laborer for SSI in September 2014. He is still employed there. SSI controlled Plaintiff's conditions of employment, including his pay rate, time-keeping procedures, as well as the policies and procedures that he was required to follow.

11. Plaintiff's primary duties included scaling and gutting fish, stocking the freezer, pulling orders, cleaning up around the facility, and other manual labor duties.

12. SSI paid Plaintiff a salary of approximately $250 per week when he first started working for SSI, and then increased his salary to $400 per week. Plaintiff's current salary is $400 per week. Attached as Exhibit 2 are a few of Plaintiff's weekly paycheck stubs confirming that he is paid a salary of $400 per week regardless of the number of hours worked.

13. As a general laborer, Plaintiff regularly works (and has always worked) more than forty

(40) hours per workweek. In fact, a typical work schedule required Plaintiff to work six (6) days per week (Monday – Saturday), approximately 50 – 52 hours a week. Specifically, Plaintiff's regular schedule is Monday – Thursday 6:00 a.m. to 3:00 p.m., Friday 5:00 a.m. to 2:30/3:00 p.m., and Saturday 6:00 a.m. – 12:00 pm.

14. From September 2014 until approximately October 16, 2017, SSI did not require its employees to punch a time clock, sign a time sheet, or otherwise record the time they worked. However, on or about October 16, 2017, SSI instituted a new time-keeping policy whereby Plaintiff (and SSI's other workers) were required to "clock in/out" using an application on a tablet maintained by the company.

15. Plaintiff was not and never has been a member of SSI management. Neither did he have authority to (nor did he): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in their operations, plan and/or set Defendant's budget, enter into contracts on behalf of Defendant, or otherwise have operational control over Defendant's business operations and practices. Rather, Plaintiff has always been a general laborer who performs manual labor as his primary job duties.

16. Plaintiff was at all times a "non-exempt" employee who was paid a salary and was eligible to receive overtime pay pursuant to Section 207 of the FLSA.

17. SSI's failure to pay Plaintiff overtime was violates the overtime wage provisions of the FLSA.

## CAUSES OF ACTION

18. Plaintiff incorporates the allegations in the preceding paragraphs.

19. Defendant failed to pay Plaintiff overtime wages for all of the hours worked he worked each week as required by the FLSA.

20. Plaintiff is entitled to overtime wages for all hours worked in excess of forty (40) in a workweek calculated at one and one half times his regular rate of pay, an amount equal to all of his unpaid wages as liquidated damages, as well as his reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

### JURY DEMAND

21. Plaintiff hereby demands a trial by jury.

### PRAYER

Plaintiff respectfully requests that judgment be entered against SSI awarding him:

a. Overtime wage compensation for *all* hours worked in excess of forty (40) per week;

b. An equal amount as liquidated damages;

c. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

d. Such other and further relief as may be required by law.

Respectfully submitted,

By: */s/Robert R. Debes, Jr.*
Robert R. Debes, Jr.
State Bar No. 05626150
bdebes@eeoc.net
SHELLIST | LAZARZ|SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

**ATTORNEY FOR PLAINTIFF**